IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LINDA A. HOEFT,

                  Plaintiff,                    OPINION AND ORDER

    v.

                                                 11-cv-70-wmc

CAROLYN COLVIN, SOCIAL
SECUITY ADMINISTRATOR,

                  Defendant.

On January 22, 2013, this court reversed a decision of the Social Security Commissioner and remanded the application for benefits filed by plaintiff Linda Hoeft for further consideration of one issue. Hoeft now moves for attorney fees under the Equal Access for Justice Act, 28 U.S.C. § 2412, arguing that she is entitled to a fee award because the government's position was not substantially justified, as well as an increased fee beyond the statutory rate of compensation to account for increases in the cost of living. The government objects, arguing that Hoeft meets neither the criteria for fees nor an increase beyond the statutory rate.  The court agrees.

## A.     Substantial Justification

A litigant is entitled to attorney fees under the EAJA unless the government fails to show that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412. In this context, substantial justification is not the same as nonfrivolous, but there is no presumption that fees are to be awarded merely because the government lost its case. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.

1983); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The government must show that it proceeded upon a reasonable though not necessarily correct basis in fact and law. *Schweiker*, 726 F.2d at 316. Put another way, the government's position is substantially justified when a reasonable person could believe that it is correct. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

To meet this standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). The government's "position" includes the reasoning and arguments of the ALJ and the commissioner's subsequent litigation position, 28 U.S.C. § 2412(d)(2)(D); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994); *see also Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996) (EAJA requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action"). The burden of proof falls upon the commissioner to show substantial justification. *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991).

Because the ALJ was presented with insufficient evidence on whether Hoeft could perform any of her past relevant work, plaintiff avers that the ALJ was not substantially justified in finding that she could perform one of her two past "customer service" jobs without specifying which one. A review of the order remanding this case reveals that the court's concern with the ALJ's determination did not include the amount of evidence he

relied upon in support, but rather his inability to articulate to which of Hoeft's previously-held, relevant work he referred. For this reason, the court found that:

> [b]ecause the ALJ failed to articulate adequately a logical bridge between Hoeft's past relevant work and her residual functional capacity to perform that work at a sedentary level, this case must be remanded to the Commissioner for additional findings at step four to be followed, if necessary, by a step-five finding to determine whether there is other work that Hoeft can perform in the national economy.

Opinion and Order, pp. 27-28.

As the Seventh Circuit has noted, an ALJ's failure to articulate the basis for his decision "in no way necessitates a finding that the Secretary's position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 319-320 (7th Cir. 1992); *see also Kusilek v. Barnhart*, No. 04-310, 2005 U.S. Dist. LEXIS 4342, at *14 (W.D. Wis. March 2, 2005). The government's conduct must be treated as a whole and not as "atomized line-items." *Cummings*, 950 F.2d at 500. A reasonable person could believe that the government's position throughout the course of this case was correct. Errors of articulation are not always cause for remand, and although the government did not prevail in this suit, its position was still based on reasonable views of the law and the facts of Hoeft's case. Therefore, the court will decline to award attorney fees to Hoeft.

**B.    Upward Departure from Statutory Rate**

Not only does Plaintiff claim that she is entitled to attorney fees under 28 U.S.C. § 2412, but also that her case meets the criteria necessary for an upward departure of the statutory rate of compensation. The EAJA provides for "reasonable attorney fees" to be awarded; however, it also provides a statutory cap for those fees at $125 per hour,

"unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Hoeft does not argue that some "special factor" necessitates a higher fee, but rather that a cost of living adjustment should be made to reflect the 41% increase in the Consumer Price Index for the Midwest urban region since 1996, when the current EAJA provision was put into effect.

Referencing the CPI to adjust EAJA fees is common in district courts of the Seventh Circuit and decisions of other courts can appropriately be used as persuasive authority here, despite the commissioner's arguments to the contrary. *See Samuel v. Barnhart*, 316 F. Supp. 2d 768, 780-81 (E.D. Wis. 2004); *Wonders v. Shalala*, 822 F. Supp. 1345, 1346 (E.D. Wis. 1993); *Simms v. Astrue*, No. 08-00094, 2009 U.S. Dist. LEXIS 50185, at *22 (N.D. Ind. June 12, 2009); *Holland v. Barnhart*, No. 02-8398, 2004 U.S. Dist. LEXIS 1364, at *1 (N.D. Ill. Feb. 3, 2004). Furthermore, the Western District has also used CPI adjustments in its own opinions. *See, e.g., Prochaska v. Barnhart*, No. 04-644, 2007 U.S. Dist. LEXIS 7078, at *29 (W.D. Wis. Jan. 29, 2007).

If the court had decided that attorney fees were appropriate in this case, an adjustment of the statutory hourly rate may have been appropriate to account for an increase in the CPI for the relevant geographical region since 1996.[1] Many of the cases cited by plaintiff involve social security commissioners who did not contest the proposed hourly rate of plaintiffs, since it is the court's prerogative to decide whether an upward

---

[1] The commissioner's argument that the rising cost of doing business in New York is irrelevant, although it is credited.

departure from the statutory amount is warranted. But this discussion is irrelevant where the court has denied an award of fees altogether.

ORDER

IT IS ORDERED that plaintiff's motion for an award of attorney fees and expenses under the Equal Access to Justice Act (dkt. #20) is DENIED.

Entered this 30th day of July, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge